IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DONALD D. DANFORD,**

    **Plaintiff,**

    v.                                        Case No. 2:10-CV-124
                                                JUDGE MARBLEY
                                                MAGISTRATE JUDGE KING

**STATE OF OHIO DEPARTMENT**
**OF REHABILITATION AND**
**CORRECTIONS,** *et al.,*

    **Defendants.**

## REPORT AND RECOMMENDATION

    This matter is before the Court for consideration of the Plaintiff's *Motion for Summary Judgment*, Doc. No. 22.  For the reasons that follow, it is recommended that Plaintiff's motion be denied.

    Plaintiff Donald D. Danford ["Plaintiff"], a state inmate, brings this action pursuant to 42 U.S.C. § 1983, claiming that he was denied his constitutional right to medical care in violation of the Eighth Amendment to the United States Constitution.  In his *Complaint*, Plaintiff alleges that, on August 29, 2009, he slipped on the floor in his dormitory at NCI, "breaking my right ankle and small bone in [the] lower portion of [the] same leg, as well as tearing ligaments in [the] same." *Complaint*, Doc. No. 4, at 5.  Plaintiff was transported to a hospital in Marietta, Ohio, and received treatment. *Id.* On September 8, 2009, Plaintiff was treated by an orthopedist in Cambridge, Ohio, who informed Plaintiff that he needed surgery.  The recommended surgery took place on September 11, 2009, and Plaintiff returned to NCI on September 12, 2009. *Id.*  Plaintiff claims that he suffered extreme pain and that the removal of surgical staples was delayed eleven days. *Id.*  According to Plaintiff, he did not receive rehabilitation or further treatment and he continues to experience pain in his "entire lower leg." *Id.*

Named as defendants in the *Complaint* are Terry Collins, Director of the Ohio Department of Rehabilitation and Correction ["ODRC"]; Warden Banks of the Noble Correctional Institution ["NCI"]; V. Sawyer, Health Care Administrator of NCI; Wexford Health Sources; and Sara Seeburger, identified as Health Services Administrator. Defendants Banks and Sawyer filed an answer in timely fashion. *Answer*, Doc. No. 13. Defendant Collins, who has not entered an appearance, was not served with process. *Summons Returned Unexecuted*, Doc. No. 7. Plaintiff now moves for summary judgment against the State of Ohio and the ODRC, arguing that they have failed to timely respond to Plaintiff's *Complaint*. Doc. No. 22.

There has been no appearance on behalf of the State of Ohio or the ODRC. It is not entirely clear, however, that the State of Ohio or the ODRC were named as defendants in the *Complaint.* The *Complaint* names, variously, "State of Ohio Ohio Department of Rehab. & Corr., et al Executive Director, Terry Collins (O.D.R.C.) . . . .", *id*., at 1, and "Ohio Department of Rehabilitation & Corrections, Exec. Director T. Collins . . .," *id*., at 4. A summons was served on "O.C.R.C. Exec. Director, Terry Collins . . . ." *Summons Returned Executed*, Doc. No. 10. Counsel for Defendants Banks and Sawyer, who are employees of the State of Ohio, apparently concluded that the *Complaint* did not name either the State of Ohio or its agency as defendants in this action, for he read Plaintiff's motion as addressed only to the two state employees who have responded to the *Complaint*.

Nevertheless, the Court concludes that summary judgment against the State of Ohio and the ODRC would be improper. States and their agencies are absolutely immune from actions in federal courts brought under 42 U.S.C. §1983. *Regents of Univ. of Calif. v. Doe,* 519 U.S. 425, 429 (1997); *Lawson v. Shelby County,* 211 F.3d 331, 334 (6th Cir. 2000). The ODRC is an agency of the State of Ohio. *See Meekison v. Voinovich*, 67 Fed. Appx. 900, 901 (6th Cir. June 18, 2003)(unpublished). Even if the State of Ohio and the ODRC are named as defendants in the *Complaint*, plaintiff's claims against them could therefore not proceed.

**It is therefore RECOMMENDED** that Plaintiff's *Motion for Summary Judgment*, **Doc. No. 22**, be **DENIED** and that any claims asserted against the State of Ohio and the ODRC be dismissed for lack of subject matter jurisdiction.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Foundation of Teachers, Local 231, etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**November 19, 2010**                                *s/ Norah McCann King*
**DATE**                                                   **NORAH McCANN KING**
                                                            **UNITED STATES MAGISTRATE JUDGE**