IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DONALD D. DANFORD,**

    **Plaintiff,**

    v.                                            Case No. 2:10-CV-124
                                                            JUDGE MARBLEY
                                                            MAGISTRATE JUDGE KING

**STATE OF OHIO DEPARTMENT
OF REHABILITATION AND
CORRECTIONS,** *et al.,*

    **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of the *Motion for Summary Judgment* filed by Defendants Wexford Health Sources, Inc. and Sara Seeburger, Doc. No. 38. For the reasons that follow, it is recommended that the motion be denied.

### I.

Plaintiff Donald D. Danford ["Plaintiff"], a state inmate, brings this action pursuant to 42 U.S.C. § 1983, claiming that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. Defendants Banks, Warden of the Noble Correctional Institution ["NCI"]; V. Sawyer, Health Care Administrator of NCI; Wexford Health Sources; and Sara Seeburger, Administrator of Wexford Health Services, have filed *Answers* to the *Complaint*. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343.

In his *Complaint*, Plaintiff states that, on August 29, 2009, he slipped on the floor in his dormitory at NCI, "breaking my right ankle and small bone in [the] lower portion of [the] same leg, as well as tearing ligaments in [the] same." *Complaint*, Doc. No. 4, at 5.  Plaintiff was transported to a hospital in Marietta, Ohio for treatment. *Id.*  On September 8, 2009, Plaintiff was treated by an orthopedist in Cambridge, Ohio who informed Plaintiff that he needed surgery.  The recommended surgery took place on September 11, 2009 and Plaintiff returned to NCI on September 12, 2009. *Id.*  Plaintiff alleges that he suffered extreme pain and that the removal of surgical staples was delayed by eleven days. *Id.*

According to Plaintiff, he did not receive rehabilitation or further treatment "due to the incompetence and practices of the NCI / Wexford personnel." *Id.*  Plaintiff claims that he continues to experience pain in his "entire lower leg" and states that he is "very concerned over the long term damage and harm from the original accident and their malpractice and indifference." *Id.*

Defendants Wexford Health Sources and Sara Seeburger have filed a *Motion for Summary Judgment* on Plaintiff's claims.

## II.

The standard for summary judgment is well established.  This standard is found in Rule 56 of the Federal Rules of Civil Procedure, which provides in pertinent part:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a)(2010).  In making this determination, the evidence must be viewed in the

light most favorable to the non-moving party.  *Adickes v. S.H. Kress & Co.,* 398 U.S. 144 (1970).  Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986).  However, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party.  *Anderson,* 477 U.S. at 251.

The party moving for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact.  *Catrett,* 477 U.S. at 323.  Once the moving party has met its initial burden, the burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 250 (quoting former Fed. R. Civ. P. 56(e)); *Talley v. Bravo Pitino Restaurant, Ltd.,* 61 F.3d 1241, 1245 (6th Cir. 1995)("nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial").  "Once the burden of production has so shifted, the party opposing summary judgment cannot rest on the pleadings or merely reassert the previous allegations.  It is not sufficient to 'simply show that there is some metaphysical doubt as to the material facts.'" *Glover v. Speedway Super Am. LLC,* 284 F.Supp.2d 858, 862 (S.D. Ohio 2003)(citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  Instead, the non-moving party must

support the assertion that a fact is genuinely disputed.  Fed. R. Civ. P. 56(c)(1).

In ruling on a motion for summary judgment "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim."  *Glover,* 284 F.Supp. 2d at 862 (citing *InteRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989)).  Instead, a "court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties."  *Id. See also* Fed. R. Civ. P. 56(c)(3).

### III.

**Defendants Wexford and Seeburger's** *Motion for Summary Judgment*

Defendants Wexford Health Sources ["Wexford"] and Sara Seeburger, Administrator, move for summary judgment to the extent that Plaintiff asserts claims of medical malpractice[1] and deliberate indifference to Plaintiff's medical needs.  Defendant Wexford is an independent contractor that provides healthcare services to inmates at NCI pursuant to a contract with the ODRC.  *See Motion for Summary Judgment*, Doc. No. 38, at 2-3.

At the outset, the Court notes that Defendants Wexford and Seeburger qualify as "state actors" for purposes of 42 U.S.C. § 1983,[2] which affords remedies against persons who, while

---

[1] As stated *infra*, the Court will analyze the claim under the Eighth Amendment rather than as a medical malpractice claim under state law.

[2] Section 1983 provides, in relevant part:
Every person who, under color of any statute, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in an action at

acting under color of state law, deprive a plaintiff of rights secured by the Constitution or federal laws. *See Waters v. City of Morristown*, 242 F.3d 353, 358-59 (6th Cir. 2001).  In *Hicks v. Frey*, 992 F.2d 1450 (6th Cir. 1993), the United States Court of Appeals for the Sixth Circuit held that "a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Id.* at 1458, citing *West v. Atkins*, 487 U.S. 42, 54 (1988).

The Court analyzes Plaintiff's Eighth Amendment claim against these Defendants pursuant to the standard set forth by the Supreme Court in *Estelle v. Gamble*, 429 U.S. 97 (1976). A claim for deliberate indifference to the serious medical needs of prisoners requires a showing of objective and subjective components.  The Plaintiff must show the existence of a "sufficiently serious medical need to satisfy the objective component."  *Phillips v. Roane County*, 534 F.3d 531, 539 (6th Cir. 2008).  As the Sixth Circuit has explained, a condition is "sufficiently serious" when the need for medical care is obvious even to a lay person. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899-900 (6th Cir. 2004).  "To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk."  *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).  The requisite state of mind "entails something more than mere negligence" but "less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

---

law . . . .

42 U.S.C. § 1983.

Not every claimed denial of adequate medical treatment constitutes a violation of the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. at 105.  The Sixth Circuit distinguishes "between cases where a complaint alleges a complete denial of medical care and those cases where the claim is that the prisoner received inadequate medical treatment."  *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).  Where a prisoner has received some medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that actually sound in state tort law.  *Id.*

In support of their *Motion for Summary Judgment*, Defendants offer the affidavit of Andrew Eddy, M.D., the Institutional Chief Medical Officer for NCI, who avers that, after reviewing Plaintiff's medical records, "it is my opinion, based upon a reasonable degree of medical probability, that the care and treatment provided by [NCI] and [Wexford]'s physicians and medical staff . . . met and complied with the standard of care required of physicians and healthcare providers . . . ." *Affidavit of Andrew Eddy, M.D.*, at ¶ 7, attached as Exhibit B to *Defendants' Motion for Summary Judgment*, Doc. No. 38.  Dr. Eddy further opines that the treatment rendered by Wexford "did not cause or contribute to any injury of [Plaintiff]."  *Id.* at ¶ 8.  Defendants argue that Plaintiff's failure to rebut Dr. Eddy's affidavit with contrary expert opinion is fatal to any malpractice claim under Ohio law.  In turn, Defendants argue, this failure is necessarily fatal to a deliberate indifference claim.  *See Defendants' Motion for Summary Judgment*, Doc. No. 38, at 7, citing *Simon v. Miami County Incarceration Facility*, No. 3:05-CV-191, 2006 WL 1401645 (S.D. Ohio May 12, 2006), and *Stanley v. Wilson County*, No. 3:03-0284,

2007 WL 2471693 (M.D. Tenn. August 24, 2007).[3]

The court in *Simon* held that the lack of expert testimony as to the issue of alleged substandard medical care was fatal to both the plaintiff's medical malpractice and deliberate indifference claims. *Simon*, 2006 WL 1401645 at *5. The *Simon* court cited the Sixth Circuit case of *Napier v. Madison County, Kentucky*, 238 F.3d 739 (6th Cir. 2001), in support of its conclusion. In *Napier*, an arrestee suffering from kidney failure was kept from his scheduled dialysis while incarcerated twenty nine hours. The evidence in the record showed that the plaintiff had missed treatments before and he admitted that missing them was "no big deal." 238 F.3d at 741. In considering a claim that the delay in treatment rose to the level of deliberate indifference, the Sixth Circuit held that "verifying medical evidence in the record [was necessary] to establish the detrimental effect of the delay in medical treatment . . . .", *id.* at 742-43, for purposes of satisfying the objective component of an Eighth Amendment claim.

The Sixth Circuit later clarified that this rule "applies where the plaintiff's 'deliberate indifference' claim is based on the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious. In such circumstances, medical proof is necessary to assess whether the delay caused a serious medical injury." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 898 (6th Cir. 2004). In contrast, where the plaintiff's claim involves injury or illness that is so obvious that even a layperson would recognize the need for treatment, "the plaintiff need not present verifying medical evidence to show that, even after receiving the delayed necessary treatment, his medical condition worsened or deteriorated. Instead, it is

---

[3] The Court notes that, unlike Plaintiff in this case, the plaintiffs in the cases cited by Defendants expressly asserted a supplemental claim for medical malpractice under state law in addition to a claim under the Eighth Amendment.

sufficient to show that he actually experienced the need for medical treatment, and that the need was not addressed within a reasonable time frame." *Id.* at 900.

In view of this authority, the Court disagrees with Defendants' position that Plaintiff's failure to produce verifying medical evidence showing that the delay in treatment caused his condition to worsen is necessarily fatal to an Eighth Amendment claim.  In the Court's view, genuine issues remain as to whether Plaintiff's need for care was obvious and whether Defendants' treatment or non-treatment amounted to a constitutional deprivation.  Plaintiff avers that he is in the process of obtaining his medical records relative to the treatment of his leg and ankle injury.  *See Affidavit of Plaintiff*, at ¶ 4, attached as Exhibit to *Plaintiff's Memorandum contra*, Doc. No. 39.   The Court concludes that Plaintiff should be afforded an opportunity to complete this discovery in order to meaningfully address these issues.[4]

Based on the present record, Defendants Wexford and Seeburger are not entitled to summary judgment.  These Defendants may file a renewed motion by January 21, 2011.  *See Order*, Doc. No. 62.

## IV.

In light of the foregoing, it is **RECOMMENDED** that the *Motion for Summary Judgment* filed by Defendants Wexford Health Sources, Inc. and Sara Seeburger, **Doc. No. 38**, be **DENIED** without prejudice to renewal by January 21, 2011.

---

[4] Fed. R. Civ. P. 56(d) specifically provides that, "[i]f a nonmovant shows by afffidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Foundation of Teachers, Local 231, etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

      *s Norah McCann King*
**Norah McCann King**
**United States Magistrate Judge**

**January 3, 2011**