IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DONALD D. DANFORD,**

    **Plaintiff,**

    v.                                    Case No. 2:10-CV-124
                                             JUDGE MARBLEY
                                             MAGISTRATE JUDGE KING

**STATE OF OHIO DEPARTMENT
OF REHABILITATION AND
CORRECTIONS,** *et al.,*

    **Defendants.**

## OPINION AND ORDER

    This matter is before the Court for consideration of Plaintiff's *Objection*, Doc. No. 57, to the Magistrate Judge's November 19, 2010 *Report and Recommendation*, Doc. No. 124.  For the reasons that follow, the decision of the Magistrate Judge is adopted and affirmed.

### I.

    Plaintiff is a state inmate who commenced this action pursuant to 42 U.S.C. § 1983, claiming that he has been denied his constitutional right to medical care in violation of the Eighth Amendment.  Plaintiff filed a *Motion for Summary Judgment*, Doc. No. 22, against the State of Ohio and the Ohio Department of Rehabilitation and Correction ["ODRC"].  The Magistrate Judge recommended that the motion be denied.  The Court considers the matter *de novo*.  *See* 28 U.S.C. § 636(b).

    In his *Complaint*, Plaintiff clearly identified the following Defendants:  Warden Banks

of the Noble Correctional Institution ["NCI"]; V. Sawyer, Health Care Administrator at NCI; Wexford Health Sources; and Sara Seeburger, Health Services Administrator.  The *Complaint* also identifies "State of Ohio Department of Rehab. & Corr., et al Executive Director, Terry Collins (O.D.R.C.) . . . ." and "Ohio Department of Rehabilitation & Corrections, Exec. Director T. Collins . . . ." *Complaint*, Doc. No. 4, at 1 and 4.  Service of process on Terry Collins was returned unexecuted.  *See* Doc. No. 7.  Defendants Banks, Sawyer and Seeburger were served with process and have filed timely *Answers*.  *See* Doc. Nos. 9, 10, 11, 12, 13.

Plaintiff asserts that he also intended to name both the State of Ohio and the ODRC as Defendants in this action, and his motion for summary judgment seeks judgment against these state entities for their alleged failure to respond to the *Complaint*.  The Magistrate Judge concluded that, even if the State of Ohio and ODRC had been properly named in this action, summary judgment would be inappropriate.  In particular, the Magistrate Judge noted that "[s]tates and their agencies are absolutely immune from actions in federal courts brought under 42 U.S.C. § 1983." *Report and Recommendation*, Doc. No. 54, at 2.  For this reason, the Magistrate Judge concluded that the Court is without subject matter jurisdiction over the State of Ohio and ODRC and recommended that Plaintiff's motion for summary judgment be denied..

In his *Objection*, Plaintiff states that he "does still believe that [the *Complaint*] includes the State of Ohio and the ODRC as both are first two named defendants [*sic*]. . . ." *Objection*, Doc. No. 57, at 3.  Plaintiff further argues that the Magistrate Judge improperly concluded that these defendants are immune from suit.  *Id.* at 4-5.

Plaintiff's arguments are without merit.  First, the Court agrees with the Magistrate Judge that the *Complaint* does not clearly identify the State of Ohio and ODRC as Defendants.

Second, the Magistrate Judge correctly held that, even if they had been properly named, these defendants would be immune from Plaintiff's suit for damages.

The Eleventh Amendment to the United States Constitution "prevents a federal court from entertaining a suit brought by a citizen against his own state. States are immune from such suits unless a state waives its immunity." *Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992) (internal citations omitted). The ODRC is an agency of the State of Ohio. Neither the ODRC nor the State of Ohio have waived their sovereign immunity to suit in this court. The Magistrate Judge correctly concluded that no action for damages under § 1983 could proceed against the State of Ohio or the ODRC even if they had been properly named as Defendants in this case. Thus, the Magistrate Judge was correct in recommending that Plaintiff's *Motion for Summary Judgment* against these purported defendants be denied.

## II.

Plaintiff's *Objection*, **Doc. No. 57**, to the Magistrate Judge's November 19, 2010 *Report and Recommendation,* **Doc. No. 54**, is **DENIED**. The *Report and Recommendation*, **Doc. No. 54**, is **ADOPTED and AFFIRMED**. Plaintiff's *Motion for Summary Judgment*, **Doc. No. 22**, is **DENIED**.

   s/Algenon L. Marbley  
**ALGENON L. MARBLEY**  
**UNITED STATES DISTRICT JUDGE**

**DATED:  January 25, 2011**

3