**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


**DONALD D. DANFORD,**

      **Plaintiff,**


    **v.**                      **Case No. 2:10-CV-124**
                                        **JUDGE MARBLEY**
                                        **MAGISTRATE JUDGE KING**

**STATE OF OHIO DEPARTMENT**
**OF REHABILITATION AND**
**CORRECTIONS,** *et al.,*

      **Defendants.**


**OPINION AND ORDER**

      This matter is before the Court for consideration of the *Objection* filed by Defendants

Wexford Health Sources, Inc. and Sara Seeburger to the Magistrate Judge's January 3, 2011

*Report and Recommendation*.  Doc. No. 69.  The Court reviews the matter *de novo*.  28 U.S.C. §

636(b); Fed. R. Civ. P. 72.


**I.**

      Plaintiff Donald D. Danford, currently incarcerated at the Noble Correctional Institution

["NCI"], claims that Defendants were deliberately indifferent to his serious medical needs in

violation of the Eighth Amendment to the United States Constitution.  In addition to the state

Defendants,[1] Plaintiff has sued Wexford Health Sources, the independent contractor that

provides health care services at NCI, and Sara Seeburger, Administrator of Wexford

---

[1]Mr. Banks, Warden at NCI, and V. Sawyer, Health Care Administrator at NCI.

[collectively, "the Wexford Defendants"]. The Wexford Defendants filed a *Motion for Summary Judgment*, Doc. No. 38, which the Magistrate Judge has recommended be denied. *Report and Recommendation*, Doc. No. 63. The Wexford Defendants object to that recommendation.

In the *Complaint*, Doc. No. 4, Plaintiff alleges that he suffered injuries to his ankle and leg after slipping on a dormitory floor at NCI. *Id.* at 5. Plaintiff was treated for the injury and underwent surgery. Plaintiff claims, however, that he did not receive rehabilitation or further treatment "due to the incompetence and practices of NCI / Wexford personnel." *Id.* According to Plaintiff, he continues to suffer pain in his lower leg. *Id.*

The Wexford Defendants filed a *Motion for Summary Judgment* on Plaintiff's claim for deliberate indifference. Doc. No. 38. In support of their motion, the Wexford Defendants offered the affidavit of Andrew Eddy, M.D., the Institutional Chief Medical Officer for NCI, in which Dr. Eddy opines that "the care and treatment provided by [NCI} and [Wexford]'s physicians and medical staff . . . met and complied with the standard of care required of physicians and healthcare providers . . . ." *Affidavit of Andrew Eddy, M.D.* at ¶ 7, attached as Exhibit B to *Motion for Summary Judgment*, Doc. No. 38. Dr. Eddy also opined that the treatment by Wexford "did not cause or contribute to any injury" Plaintiff claims to now suffer. *Id.* at ¶ 8.

According to the Wexford Defendants, because Plaintiff has failed to rebut Dr. Eddy's affidavit with a contrary expert opinion, he could not succeed on a medical malpractice claim and therefore cannot succeed on his deliberate indifference claim. The Wexford Defendants cite two cases in support of this argument, *Simon v. Miami County Incarceration Facility*, No. 3:05-CV-191, 2006 WL 1401645 (S.D. Ohio May 12, 2006) and *Stanley v. Wilson County*, No. 3:03-

2

0284, 2007 WL 2471693 (M.D. Tenn. August 24, 2007).

In the *Report and Recommendation*, the Magistrate Judge observed that, unlike the Plaintiff in this case, the plaintiffs in *Simon* and *Stanley* expressly asserted both Eighth Amendment and state medical malpractice claims. *See Report and Recommendation*, Doc. No. 63, at 7 n.3. In *Simon*, the court relied on the decision of the United States Court of Appeals for the Sixth Circuit in *Napier v. Madison County, Kentucky*, 238 F.3d 739 (6th Cir. 2001). *Napier* held that, in considering the objective element of an Eighth Amendment claim complaining of a delay in medical treatment, "verifying medical evidence in the record" is necessary to establish the alleged detrimental effect. *Id.* at 742-43.

According to the Wexford Defendants, Plaintiff's claim must fail because he has not come forward with verifying medical evidence as to the alleged detrimental effect of any delay in medical treatment. As the Magistrate Judge correctly observed, however, the *Napier* rule applies when the alleged need for medical care at issue in the case is "seemingly minor or non-obvious." *Report and Recommendation*, Doc. No. 63, at 7, citing *Blackmore v. Kalamazoo County*, 390 F.3d 890, 898 (6th Cir. 2004). In instances where the need is obvious to even a layperson, verifying medical evidence is not required. "Instead, it is sufficient to show that [plaintiff] actually experienced the need for medical treatment, and that the need was not addressed within a reasonable time frame." *Id.* at 900. The Magistrate Judge held that "genuine issues remain as to whether Plaintiff's need for care was obvious and whether [the Wexford] Defendants' treatment or non-treatment amounted to a constitutional deprivation." *Report and Recommendation*, Doc. No. 63, at 8.

In opposing the *Motion for Summary Judgment*, Plaintiff submitted his own affidavit

3

stating that he was still attempting to obtain medical records relating to his injury.  *Affidavit of Plaintiff*, at ¶ 4, attached as Exhibit to *Memorandum contra*, Doc. No. 39.  The Magistrate Judge concluded that, under these circumstances, "Plaintiff should be afforded an opportunity to complete this discovery in order to meaningfully address these issues."  *Report and Recommendation*, Doc. No. 63 , at 8, citing Fed. R. Civ. P. 56(d).  The Magistrate Judge therefore recommended that the motion for summary judgment be denied without prejudice to renewal.  *Id.*

## II.

In their *Objection*, the Wexford Defendants first argue that the Magistrate Judge improperly relied on the Sixth Circuit's decision in *Blackmore*, *supra*.  According to the Wexford Defendants, *Blackmore* "is premised upon the underlying fact that the deliberate indifference claim was being asserted against a lay person and not a medical professional."  *Objection*, Doc. No. 69, at 9.  Because Plaintiff asserts his claim against medical professional, the Wexford Defendants insist that Plaintiff must come forward with verifying medical evidence to support that claim.

In this Court's view, whether the claim of deliberate indifference is asserted against a lay person or a medical professional is immaterial.  Instead, it is the nature of the alleged serious medical need that determines whether verifying medical evidence is necessary to establish the objective element of a deliberate indifference claim.  If the condition is not obviously serious, then verifying evidence is necessary; if the condition is obvious, then such evidence is not necessary.  *See Blackmore*, 390 F.3d at 900.

In this case, the Magistrate Judge concluded that genuine issues of material fact remain as to whether Plaintiff's need for care was obvious or not and, in turn, whether the Wexford's Defendants' response to that need amounted to a constitutional deprivation. *Report and Recommendation*, Doc. No. 63, at 8. The Court agrees with this conclusion.

Moreover, because Plaintiff had not yet had the opportunity to obtain his medical records, the Magistrate Judge was correct in concluding that Plaintiff should be afforded the opportunity to complete that discovery. The Wexford Defendants have not been unreasonably prejudiced by that conclusion because, as the Magistrate Judge contemplated, the Wexford Defendants may renew their motion following the completion of such discovery. *Id.*

The Wexford Defendants also object to the Magistrate Judge's reliance on Fed. R. Civ. P. 56(d) in determining that Plaintiff should be afforded the opportunity to complete discovery. According to Defendants, Plaintiff did not satisfy the standard for relief under that rule. Rule 56(d) provides that "[i]f an nonmovant shows by affidavit or declaration that, for specified reasons, [he] cannot present facts essential to justify [his] opposition [to a motion for summary judgment], the court may: (1) defer the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Defendants correctly observe that "[b]are allegations or vague assertions of the need for discovery are not enough" to warrant relief under the rule. *See Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004). In this case, however, the Court finds that Plaintiff's articulation, made in his affidavit, that he was awaiting production of his medical records amounts to more than a bare allegation or vague assertion of the need for more discovery. Thus, the Court concludes that the Magistrate Judge correctly applied Rule 56(d).

Finally, the Wexford Defendants argue that the Magistrate Judge should have recommended the grant of the motion for summary judgment because Plaintiff failed to satisfy the subjective element of his deliberate indifference claim.  As the Magistrate Judge outlined, an Eighth Amendment deliberate indifference to medical needs claim is comprised of both objective and  subjective components.  "To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk."  *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

The Magistrate Judge did not specifically address the evidence offered by Plaintiff in opposition to the Wexford Defendants' motion as it relates to the subjective element of the claim.  The Court notes that, in opposing Defendants' motion, Plaintiff took the position that discovery will demonstrate that the Wexford Defendants acted with "ill will" with respect to the care rendered to him.  *See Plaintiff's Memorandum contra*, Doc. No. 39, at 4.   Because discovery continues and, in view of the recommendation that Defendants be permitted to file a renewed dispositive motion following the completion of such discovery, this Court finds no error in the Magistrate Judge's failure to award summary judgment on the subjective element of Plaintiff's claim against the Wexford Defendants.

## III.

For the foregoing reasons, the Wexford Defendants' objections, **Doc. No. 69**, are **DENIED.**  The *Report and Recommendation*, **Doc. No. 63**, is **ADOPTED and AFFIRMED**.

6

The Wexford Defendants' *Motion for Summary Judgment*, **Doc. No. 38**, is **DENIED without prejudice to renewal**.


 March 14, 2011                               s/Algenon L. Marbley
**DATE**                               **ALGENON L. MARBLEY**
                               **UNITED STATES DISTRICT JUDGE**