N THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**DONALD D. DANFORD,**

    **Plaintiff,**

    **v.**                                       Case No. 2:10-CV-124
                                                 Judge Marbley
                                                 Magistrate Judge King

**STATE OF OHIO DEPARTMENT
OF REHABILITATION AND
CORRECTIONS,** *et al.,*

    **Defendants.**


## ORDER

Plaintiff, a state prisoner, claims that he was denied constitutionally required medical care following the August 2009 fracture of his right ankle.  On February 13, 2012, the Magistrate Judge denied plaintiff's various motions and recommended that defendants' motions for summary judgment be granted.  *Order and Report and Recommendation,* Doc. No. 117.  Plaintiff has filed objections to those denials and that recommendation.  *Objection,* Doc. No. 119.  For the reasons that follow, plaintiff's objections are **OVERRULED**.  The *Order and Report and Recommendation* is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED**.

    Plaintiff objects to the denial of his motions to appoint counsel, to compel discovery and to strike various motions and filings by defendants.  In his objections to the denial of his motions to appoint counsel and motions to compel, plaintiff asserts that he requires counsel to conduct depositions.  He also asserts, without elaboration, that he has properly identified the persons whose deposition testimony is necessary and that he has properly articulated the information sought. In his objections to the denial of his motions to strike, plaintiff, who does not appear to contest the Magistrate Judge's finding that the

challenged filings were timely filed, argues that the doctrine of *res judicata* prevents "the same defendants" raising arguments previously ruled upon by this Court. Finally, in his objections to the recommendation that summary judgment be granted to defendants, plaintiff again argues that defendants improperly delayed his initial surgery and the removal of surgical staples. *Objections*, Doc. No. 119, pp. 2-6.

In considering plaintiff's objections to the Magistrate Judge's denial of his motions, the Court will overturn the decision of the Magistrate Judge only if the decision was clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Because the decision of the Magistrate Judge in this regard was neither clearly erroneous nor contrary to law, plaintiff's objections to the denial of his motions to appoint counsel, motions to compel discovery and motions to strike are **OVERRULED**. As the Magistrate Judge noted, defendants' motions for summary judgment are based on plaintiff's medical records, which have been made available to plaintiff. Indeed, plaintiff has made substantive response to defendants' motions for summary judgment. Plaintiff has failed to identify any additional, relevant information that is necessary to the resolution of the issues in this case.[1] Under these circumstances, plaintiff's motions to appoint counsel and to compel discovery were properly denied. In addition, plaintiff did not raise his *res judicata* argument in his motions to strike, *see* Doc. Nos. 93, 94, 96, 104, so there can be no error in the Magistrate Judge's failure to address this argument in denying these motions. Plaintiff did raise a similar argument in his responses to the motions for summary judgment,

---

[1] Plaintiff insists that medical records relating to another inmate who allegedly suffered a similar injury are relevant and have been improperly denied him. This Court agrees with the Magistrate Judge that such records are simply not relevant to the resolution of plaintiff's claim that the named defendants were deliberately indifferent to plaintiff's medical needs.

*see* Doc. No. 97, p.1; Doc. No. 100, p.1, and in one motion to appoint counsel, *see* Doc. No. 89, p.2, but his argument has no merit. Even assuming that the decision of the Magistrate Judge was inconsistent with the Court's prior orders, (an assumption that the Court declines to make), the Federal Rules of Civil Procedure make clear that an order or decision that resolves fewer than all the claims in an action "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).

In short, plaintiff's objections to the Magistrate Judge's denial of his various motions are **DENIED**.

Plaintiff also objects to the Magistrate Judge's recommendation that defendants' motions for summary judgment be granted.  The Court will consider this matter *de novo*.  See 28 U.S.C. §636(b); Fed. R. Civ. P. 72(b). As the Magistrate Judge correctly recognized, the United States Constitution does not prohibit medical malpractice in the prison context and a plaintiff inmate may not succeed on a claim of deliberate indifference based only on negligence. *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) ("When a prison doctor provides treatment, albeit carelessly or inefficaciously, . . . he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation.").  Here, the uncontroverted evidence establishes that plaintiff received substantial medical care following the fracture of his ankle.  His claims that defendants delayed the initial surgery and the subsequent removal of surgical staples amount to, at most, negligence. Those claims, however, do not rise to constitutional proportions.  In short, plaintiff's objections to the Magistrate Judge's recommendation

in this regard are without merit.

The *Order and Report and Recommendation,* Doc. No. 117, is **ADOPTED** and **AFFIRMED**.  Defendants' motions for summary judgment, Doc. Nos. 90, 91, are **GRANTED**.  Plaintiff'S motion for a writ of mandamus, Doc. No. 110, is **DENIED** as moot.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in favor of defendants.

                                        s/Algenon L. Marbley
                                          Algenon L. Marbley
                                    United States District Judge